Filed 12/17/15  P. ex rel. Alzayat v. Hebb CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE ex rel. MAHMOUD ALZAYAT, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> GERALD HEBB et al., <br><br> Defendants and Respondents. | E060593 <br><br> (Super.Ct.No. INC1204627) <br><br> O P I N I O N |

APPEAL from the Superior Court of Riverside County.  David M. Chapman, Judge.  Reversed.

English Lloyd & Armenta and Juan M. Armenta for Plaintiff and Appellant.

Rutan & Tucker, Duke F. Wahlquist, and Proud Usahacharoenporn, for Defendants and Respondents.

## I.  INTRODUCTION

Plaintiff and appellant, Mahmoud Alzayat, brought a qui tam action against his employer, defendant and respondent, SunLine Transit Agency (SunLine), and his

supervisor, defendant and respondent, Gerald Hebb, to recover statutory penalties under Insurance Code section 1871.7, subdivision (e)(2) based on alleged misrepresentations Hebb made relating to plaintiff's claim for workers' compensation benefits. The trial court granted judgment on the pleadings, without leave to amend, on the ground that self-insured risk pools, under which SunLine was covered through a joint powers agreement, are not considered insurance and not subject to regulation under the Insurance Code.

Alzayat appeals, contending that (1) self-insurance for workers' compensation purposes is specifically defined as insurance under Labor Code section 3211; (2) although self-insured pools operate free from regulations applicable to traditional insurers, they are not exempt from remedies for insurance fraud; and (3) Hebb, as an individual, enjoys no exemption from liability for insurance fraud. We reverse.

## II. FACTS AND PROCEDURAL BACKGROUND

We set forth the statement of facts consistent with the standard of review that applies to a judgment on the pleadings: "'A motion for judgment on the pleadings, made after the time for a demurrer has expired, in all other respects is the equivalent of a general demurrer. Like a demurrer, grounds for the motion must appear on the face of the complaint or be based on facts capable of judicial notice. We review the complaint de novo to determine whether the complaint states a cause of action, as a matter of law.'" (*Caldera Pharmaceuticals, Inc. v. Regents of University of California* (2012) 205 Cal.App.4th 338, 350.)

SunLine is a public agency that provides transportation services in the Coachella Valley. SunLine entered into a joint powers agreement with other public entities to pool and self-insure various potential liabilities, including workers' compensation, and obtained the required certificate of consent to self-insure. The joint powers agreement is administered by the Public Entity Risk Management Authority.

SunLine employed Alzayat to maintain bus stop infrastructure; Hebb was his supervisor. Before August 30, 2011, Alzayat suffered a lumbar injury. On August 30, he asked Hebb if someone could assist him to move a 90-pound bag of concrete mix or if he could break down the bag. After some discussion, Hebb refused both requests, and when Alzayat lifted the bag, he felt pain in his lumbar spine area, which caused Alzayat to partially collapse and drop a bag, which broke open and spilled its contents. Hebb asked Alzayat why he had spilled the bag, and Alzayat informed Hebb he had injured his back while lifting it.

The next day, Alzayat filled out a workers' compensation claim form, and Hebb filled out an incident report stating he had not seen Alzayat's injury. Alzayat alleged that Hebb's account was a false statement that Hebb knew would be transmitted to those charged with the responsibility of accepting or denying liability for Alzayat's workers' compensation claim. Alzayat further alleged that Hebb testified falsely in a later deposition that he had never had an argument with Alzayat about lifting the bags, and he denied having seen Alzayat partially collapse and drop a bag.

Alzayat's workers' compensation claim was initially denied.[1]

## III. DISCUSSION

A. *Standard of Review*

This court applies independent review to a judgment based on an order granting a motion for judgment on the pleadings. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.) We accept as true the facts alleged in the underlying complaint. (*Id.* at p. 516.) We review de novo the trial court's interpretation of a statute. (*Harustak v. Wilkins* (2000) 84 Cal.App.4th 208, 212.)

B. *Applicability of Insurance Code Section 1871.7, Subdivision (b)*

Alzayat contends that defendants are subject to statutory penalties because they made false statements about his eligibility for workers' compensation benefits. Insurance Code section 1871.7, subdivision (b), provides: "Every person who violates any provision of this section or Section . . . 550 . . . of the Penal Code shall be subject, in addition to any other penalties that may be prescribed by law, to a civil penalty of not less than five thousand dollars ($5,000) nor more than ten thousand dollars ($10,000), plus an assessment of not more than three times the amount of each claim for compensation, as defined in Section 3207 of the Labor Code or pursuant to a contract of insurance. . . ." Penal Code section 550, subdivision (b), in turn, provides: "It is unlawful to do, or to knowingly assist or conspire with any person to do, any of the following: [¶] . . . [¶] (3)

---

[1] Alzayat represents in his opening brief that SunLine's risk pool ultimately provided benefits because an independent witness verified his version of the events, and a panel qualified medical examiner confirmed the injury.

4

Conceal, or knowingly fail to disclose the occurrence of, an event that affects any person's initial or continued right or entitlement to any insurance benefit or payment, or the amount of any benefit or payment to which the person is entitled."

The trial court held that SunLine was not subject to Insurance Code section 1871.7 because Government Code section 990.8, subdivision (c), provides: "The pooling of self-insured claims or losses among entities as authorized in subdivision (a) of Section 990.4 [of the Government Code] shall not be considered insurance nor be subject to regulation under the Insurance Code." However, this case involves self-insurance for workers' compensation, and Government Code section 990 provides: "*Except for a liability which may be insured against pursuant to Division 4 (commencing with Section 3200) of the Labor Code*, a local public entity may" insure itself and its employees against various forms of liability. (Italics added.)

Labor Code section 3200 et seq. set forth the laws of this state governing workers' compensation insurance. SunLine's self-insurance coverage for workers' compensation claims arose under Labor Code section 3700, which provides: "Every employer except the state shall secure the payment of compensation in one or more of the following ways: [¶] . . . [¶] (c) For any . . . public agency, . . . including each member of a pooling arrangement under a joint exercise of powers agreement (but not the state itself), by securing from the Director of Industrial Relations a certificate of consent to self-insure against workers' compensation claims, which certificate may be given upon furnishing proof satisfactory to the director of ability to administer workers' compensation claims

5

properly, and to pay workers' compensation claims that may become due to its employees. . . . The certificate shall be issued and be subject to the provisions of [Labor Code] Section 3702." SunLine's certificate states that it was issued under Labor Code sections 3700 through 3705.

In short, SunLine's authorization to self-insure for workers' compensation claims arose under Labor Code section 3700, not Government Code section 990.4, and Government Code section 990.8 is therefore inapplicable.

C. *Is Self-insurance Defined as Insurance?*

SunLine next argues that its self-insurance plan does not qualify as insurance as that term is defined by the Insurance Code, and Insurance Code section 1871.7 and its incorporation of Penal Code section 550 therefore do not apply.

In *Denny's Inc. v. Workers' Comp. Appeals Bd.* (2003) 104 Cal.App.4th 1433, the court addressed whether a self-insured employer was an insurer for purposes of apportioning liability. The employer in that case argued that a self-insurer was not an insurer within the meaning of Insurance Code section 22, which defines insurance as "'a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event'" and Insurance Code section 23, which defines an insurer as "'[t]he person who undertakes to indemnify another by insurance . . . .'" (*Denny's Inc. v. Workers' Comp. Appeals Bd.*, *supra*, at p. 1440.) The court stated that while Insurance Code sections 22 and 23 provided general definitions, Labor Code section 3211 applies a definition specifically applicable to workers' compensation

6

insurance, as follows:  "'"Insurer" includes . . . *any employer to whom a certificate of consent to self-insure has  been issued*.'  (Italics added.)"  (*Denny's Inc. v. Workers' Comp. Appeals Bd.*, *supra*, at p. 1440.)

Similarly, under the Workers' Compensation Insurance Fraud Reporting Act (Ins. Code, § 1877 et seq.), an insurer is defined to include "an employer that has secured a certificate of consent to self-insure pursuant to subdivision (b) or (c) of Section 3700 of the Labor Code . . . ."  (Ins. Code, § 1877.1, subd. (c).)  The specific definitions under Insurance Code section 1877.1, subdivision (c) and Labor Code section 3211 prevail over the general definitions of Insurance Code sections 22 and 23.  (*Denny's Inc. v. Workers' Comp. Appeals Bd.*, *supra*, 104 Cal.App.4th at pp. 1440-1441.)  We thus conclude that SunLine is an insurer for purposes of Insurance Code section 1871.7.

SunLine next argues that the Insurance Frauds Prevention Act, of which Insurance Code section 1871.7 is a part, applies only to the making or supporting of a fraudulent claim, not to the fraudulent denial of a claim.  SunLine relies on *State of California ex rel. Nee v. Unumprovident Corp.* (2006) 140 Cal.App.4th 442, 450-451, in which the court stated that Insurance Code section 1871.7 was designed to prohibit submission of fraudulent claims to insurers, not to prohibit fraud on the part of an insurer or its agents.  However, the court in *Unumprovident* specifically gave as an example of conduct that could violate the statute "an employer who makes a false statement in opposition to" a workers' compensation claim.  (*State of California ex rel. Nee v. Unumprovident Corp.*, *supra*, at p. 450.)  Thus, the case on its face does not support SunLine's position.

SunLine also relies on *People v. Blick* (2007) 153 Cal.App.4th 759, in which the court held that a violation of Penal Code section 550, subdivision (b)(3), requires specific intent: "[T]o violate [Penal Code] section 550[, subdivision] (b)(3) a person, in addition to concealing or knowingly failing to disclose, must intend to obtain benefits to which he or she would not be entitled if they had made the disclosure. In short, the person must intend to commit a fraud." (*People v. Blick*, *supra*, at p. 772; see also *People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1283 [repeating the language quoted from *Blick*].) We do not interpret *Blick* as holding that Penal Code section 550, subdivision (b)(3), may be violated only by a person who commits fraud for the purpose of *obtaining* benefits; that issue was simply not before the court. Rather, the court's holding addressed only the specific intent required to violate the statute.

## IV. DISPOSITION

The judgment is reversed. Costs are awarded to appellant.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
J.

We concur:

HOLLENHORST _____
          Acting P. J.

McKINSTER _____
          J.

8